UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Darek Lathan,                                           Case No. 3:16-cv-01519

         Plaintiff

v.                                                      MEMORANDUM OPINION
                                                         AND ORDER

Judge Michael R. Goulding,

         Defendant


## BACKGROUND AND HISTORY

*Pro se* Plaintiff Darek Lathan filed this action under 42 U.S.C. §1983 against Lucas County Common Pleas Court Judge Michael R. Goulding. In the Complaint, Plaintiff states he filed a tort action in the Lucas County Court of Common Pleas, which was assigned to Judge Goulding. He alleges Judge Goulding denied all of his Motions, and violated his constitutional rights. He asks me to remove Judge Goulding from all further state court proceedings, reverse all of Judge Goulding's Orders denying his Motions, and award him monetary damages.

Plaintiff also filed a Motion to Amend Complaint (Doc. No. 4) to provide supplemental exhibits. That Motion is granted.

Plaintiff is a prisoner in the North Central Correctional Complex. He brought an action in the Lucas County Court of Common Pleas on August 21, 2015, against Brenda Parham (mother), Brenda Parham (daughter), and Jim Parham. He describes the case as a tort action. He attempted

service on the Defendants by certified mail.  The receipts for certified mail sent to both Brenda Parhams were returned signed by a Patricia Chapman.  The receipt for certified mail for Jim Parham was returned unclaimed.  Plaintiff attempted to serve Jim Parham by regular mail with a post office box address but it was also returned as undeliverable.  Plaintiff filed a Motion for Default Judgment, but Judge Goulding denied it indicating that Plaintiff failed to perfect service on the Defendants.

Although the docket does not reflect that Plaintiff obtained service on the parties after his initial Motion for Default Judgment was denied, he continued to litigate the matter as though service had been perfected.  He filed a second Motion for Default Judgment on November 24, 2015.  That Motion was denied the next day.  He filed a Motion for a Status Conference.  The Court denied that Motion because the Defendants had not been served.  He filed a Motion for Summary Judgment and an Application for the Clerk to enter a Default Judgment.  The Court denied those Motions on March 31, 2016, stating that contrary to Plaintiff's repeated assertions, he did not perfect service on the Defendants.  The mail addressed to Jim Parham was returned as undeliverable.  The certified letters sent to Brenda Parham (mother) and Brenda Parham (daughter) were signed by Patricia Chapman.  There was nothing in the record to indicate Chapman was someone who could accept service for either Brenda Parham.

On April 12, 2016, Brenda Parham (Mother) filed a *pro se* response to Plaintiff's Complaint.  The Court entered an Order finding service on this Defendant had been perfected.  The Court also construed her response as both an Answer and a Motion to Dismiss, and gave Plaintiff 21 days to respond to the Motion to Dismiss.  Although the Court did not enter a final judgment in the case, and indeed the case is still active, Plaintiff filed a Motion for Relief from Judgment under Rule 60(b).  He also filed a Motion to Instruct the Sheriff to Serve the remaining Defendants, a Motion for the Court to issue Subpoenas and a Motion for Accelerated Hearing.  On May 4, 2016, the Court addressed all of these Motions, denying Plaintiff's request to strike the Motion to Dismiss, denying his request for the sheriff to track down and serve the remaining Defendants and referring him to

the Rules of Civil Procedure for Discovery. He filed a Motion for a Jury Trial, which was denied on May 19, 2016. Again, the Court referred Plaintiff to the Rules of Civil Procedure.

### PLAINTIFF'S CAUSES OF ACTION

Plaintiff has now filed this civil rights action against Judge Goulding claiming the Judge is violating his constitutional rights. He does not specify which rights he believes the Judge is violating. He contends Judge Goulding's decisions regarding service were incorrect. He further contends the Sheriff or the United States Marshal is obligated to investigate the location of the remaining Defendants so he can obtain service. He asserts Judge Goulding erred by denying his Motion for Sheriff's service. He asks me to intervene in the state court case, remove Judge Goulding from all further state court proceedings, overturn Judge Goulding's Orders denying his Motions, and order Judge Goulding to pay him monetary damages.

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), district courts are required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption

that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

As an initial matter, I do not have legal authority to intervene in a pending state court action, order the state court judge to reverse his rulings on Plaintiff's motions, remove the judge from the case, or to dictate the result of the case. Federal District Courts are not appellate courts over the state court system. We have no general power to direct state courts and their judicial officers in the performance of their duties. *Seyka v. Corrigan*, 46 F.App'x 260, 261 (6th Cir. 2002). *See Woods v. Weaver*, 13 F. App'x 304, 306 (6th Cir. 2001) (denying an inmate a writ of mandamus to compel the state court to rule on the merits of his Motion because federal courts do not have authority to issue such a writ); *Leisure v. Bettis*, 248 F.3d 1149, at *1 (6th Cir. 2000) (same).

Furthermore, basic considerations of comity that are fundamental to our federal system of government require me to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding. *See Younger v. Harris*, 401 U.S. 37, 41 (1971) ("[W]e have concluded that the judgment of the District Court, enjoining appellant Younger from prosecuting under these California statutes, must be reversed as a violation of the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances.')." I cannot assume jurisdiction over a state court case just because Plaintiff does not agree with the decisions of the state court judge.

4

Furthermore, to the extent Plaintiff seeks damages from Judge Goulding for denying his Motions, his claims must be dismissed. Judicial officers are absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, there are only two exceptions to judicial absolute immunity: (1) when the conduct alleged is performed at a time when the Defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. *Stump*, 435 U.S. at 356-57.

A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. Plaintiff alleges Judge Goulding erroneously denied his Motions. If Plaintiff is correct in his assessment of the law in Ohio regarding service, and the Judge's rulings were contrary to the law in Ohio, his remedy is an appeal of the order to the appropriate Ohio Appellate Court at the appropriate time. He does not have recourse against the Judge for damages under 42 U.S.C. §1983.

## CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted. Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e). I certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision cannot be taken in good faith. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge